1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY FLORES,

11              Plaintiff,                    No. 2: 11-cv-2446 KJN P

12        vs.

13   CALIFORNIA HIGHWAY PATROL,
     et al.,

14

15              Defendants.              ORDER

16   _____/

17              Plaintiff is a prisoner proceeding without counsel.  Plaintiff seeks relief pursuant

18   to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

20   Rule 302.

21              Plaintiff has submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

26   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

1  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

2  make monthly payments of twenty percent of the preceding month's income credited to

3  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

4  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

5  fee is paid in full.  28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief.

11 28 U.S.C. § 1915A(b)(1),(2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

20 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21 1227.

22         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

23 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

26 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

2

than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question, id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Named as defendants are the California Highway Patrol and the Sacramento

County Sheriff's Department.  Plaintiff alleges that "[a]n officer tazed me when I was

cooperating and getting on the ground as ordered."  As relief, plaintiff seeks money damages.

To allege a section 1983 claim against a local governmental entity such as the

Sacramento County Sheriff's Department, plaintiff must allege a constitutional deprivation and a

policy, custom, or practice of the Sacramento County Sheriff's Department that was the "moving

force" of the constitutional deprivation.  Monell v. Department of Social Services, 436 U.S. 658,

694–95 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008).

Plaintiff does not allege that he was tased pursuant to a policy, custom or practice of defendant

Sacramento County Sheriff's Department.  Accordingly, the claims against this defendant are

dismissed with leave to amend.   Conversely, plaintiff may seek to name as a defendant the

individual officer who allegedly tased plaintiff, if plaintiff can allege a claim against that officer.

Plaintiff's claims against defendant California Highway Patrol are barred by the

Eleventh Amendment.  The Eleventh Amendment prohibits federal courts from hearing suits

brought against a state by its own citizens or citizens of other states.  Brooks v. Sulphur Springs

Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  "[A]bsent a waiver by the state or a

valid congressional override, the Eleventh Amendment bars a damages action against a state in

federal court."  Kentucky v. Graham, 473 U.S. 159, 169 (1985).

1    The Eleventh Amendment's prohibition applies not only to states, but also to state

2  agencies.  E.g., Lucas v. Dep't. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)

3  (holding that claims against the California Department of Corrections were barred by state

4  immunity).

5    Various courts, including the undersigned, have concluded that the California

6  Highway Patrol is an arm of the state for the purposes of the Eleventh Amendment; thus, the

7  California Highway Patrol enjoys sovereign immunity.  See McCain v. California Highway

8  Patrol, 2011 WL 3439225, at * 3 (E.D. Cal. Aug. 4, 2011) (unpublished); Oremus v. Cal.

9  Highway Patrol, 2010 WL 2817072, at *1–2 (E.D. Cal. July 15, 2010) (unpublished); May v.

10  Cal. Highway Patrol, 2010 WL 234868, at *1 (N.D. Cal. Jan.14, 2010) (unpublished); Townsend

11  v. California, 2010 WL 1644740, at *6 (E.D. Cal. Apr.21, 2010) (unpublished); Vierria v. Cal.

12  Highway Patrol, 644 F.Supp.2d 1219, 1232 (E.D. Cal.2009); Heymann v. State, 1999 WL

13  638205, at *1–2 (N.D. Cal. Aug.16, 1999) (unpublished); Guzman v. Van Demark, 651 F.Supp.

14  1180, 1183 (C.D. Cal.1987).  The State of California has not consented to suit here, and the

15  California Highway Patrol is a state agency that enjoys Eleventh Amendment immunity.

16  Accordingly, the claims against this defendant are dismissed.  Plaintiff should not name the

17  California Highway Patrol as a defendant in an amended complaint.

18    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

20  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

21  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

22  unless there is some affirmative link or connection between a defendant's actions and the

23  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

24  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

25  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

26  268 (9th Cir. 1982).

1    In addition, plaintiff is hereby informed that the court cannot refer to a prior

2    pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

3    an amended complaint be complete in itself without reference to any prior pleading.  This

4    requirement exists because, as a general rule, an amended complaint supersedes the original

5    complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

6    complaint, the original pleading no longer serves any function in the case.  Therefore, in an

7    amended complaint, as in an original complaint, each claim and the involvement of each

8    defendant must be sufficiently alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

14    Sacramento County Sheriff's Department filed concurrently herewith.

15    3.  Plaintiff's complaint is dismissed.

16    4.  Within thirty days from the date of this order, plaintiff shall complete the

17    attached Notice of Amendment and submit the following documents to the court:

18    a.  The completed Notice of Amendment; and

19    b.  An original and one copy of the Amended Complaint.

20    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

21    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

22    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

23    ////

24    ////

25    ////

26    ////

1  Failure to file an amended complaint in accordance with this order may result in the dismissal of

2  this action.

3  DATED:  September 20, 2011

4

5

6  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

7  fl2446.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTHONY FLORES,

11                 Plaintiff,                              No. 2: 11-cv-2446 KJN P

12          vs.

13    CALIFORNIA HIGHWAY PATROL,
      et al.,                                             NOTICE OF AMENDMENT

14
                 Defendants.
15    _____/

16                 Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18                 _____         Amended Complaint

19    DATED:

20

21

22

23

24                                              _____

25                                              Plaintiff

26